# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

STANLEY KNOX                                                                PETITIONER

V.                                                                          NO. 3:95CR072-NBB

UNITED STATES OF AMERICA                                                    RESPONDENT

## MEMORANDUM OPINION

Presently before the court is the Petitioner's Motion to Vacate Sentence under to 28 U.S.C. § 2255. The Government has responded, the Petitioner has filed his traverse, and this matter is ripe for review. Having considered the parties' briefs and exhibits, the court finds that the motion is not well taken and shall be denied.

*A. Factual Background*

On January 29, 1996, Knox was convicted by a jury of his peers of, *inter alia*, several counts of selling and distributing cocaine for which he was sentenced to life imprisonment. Knox appealed his conviction and sentence. The Fifth Circuit Court of Appeals vacated Knox conviction as to a conspiracy charge, but upheld his remaining convictions and sentence. *See United States v. Dixon*, 132 F.3d 192, 203 (5th Cir. 1996). An application for certiorari was denied by the United States Supreme Court on January 12, 1998. More than ten years later, Knox filed this 2255 motion asserting essentially two grounds for relief:

| | |
|---|---|
| Ground One | The Petitioner was denied his right to a fair trial as the result of the Government's use of testimonial statements of non-testifying parties. |
| Ground Two | The Petitioner's Fifth and Sixth Amendment rights were violated as the result of the Government withholding Brady material. |

*B. Standard for Review under Section 2255*

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d

592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

## C. Statute of Limitation

A prisoner incarcerated by order of a federal court has one year to attack the constitutionality of his sentence. 28 U.S.C. § 2255. The statute provides:

> The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## D. Discussion

As noted above, the Petitioner was sentenced on April 12, 1996. Judgment was entered on April 17, 1996. The Petitioner pursued and appeal and petitioned the Supreme Court for a writ of certiorari which was denied on January 12, 1998. In order to be timely, his § 2255 motion should have been filed on or before January 12, 1999. Unfortunately, the Petitioner did not file his motion

to vacate until November 19, 2008, more than nine years too late. Therefore, the motion is barred by the one-year statute of limitation unless one of the other three circumstances described in § 2255(f)(2) through (4) is applicable.

The Petitioner, however, does not allege any impediment to making the motion or that the Government prevented him from seeking relief. Nor is his motion based on any facts that where not readily apparent at the time he was sentenced. To the contrary, the arguments set forth in his motion, though meritless, should have been obvious to him at least within the one-year limitations period. Consequently, the Petitioner's § 2255 motion is untimely.

By referencing *Crawford v Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), the Petitioner is presumably attempting to overcome the one-year limitations period under subsection (f)(3). Such an argument is entirely misplaced. The Supreme Court has held in *Whorton v. Bockting*, 549 U.S. 406, 409, 127 S. Ct. 1173, 167 L. Ed. 2d 1 (2007), that a the rule announced in *Crawford* was not to be applied retroactively. Since the Petitioner's conviction and sentence became final on January 12, 1999, long before *Crawford* and *Whorton*, his argument is foreclosed.

Rare and exceptional circumstances may nevertheless warrant the application of equitable tolling to an untimely filed habeas petition. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one-year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Furthermore, ignorance of the law and "garden variety claims of excusable neglect, do not warrant the application of equitable tolling." *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). While not expressly asserted by Knox in his motion, there is no equitable basis for extending the limitations period. Knox has clearly not acted diligently in pursuing relief under § 2255. Accordingly, Knox's habeas petition is barred by the one-year statute of limitation and the doctrine of equitable tolling will not be used to breath new life into his claims.

*E. Conclusion*

The Petitioner has failed to demonstrate that the sentence imposed upon him should be vacated. His petition is untimely and shall be barred by the one-year limitations period provided under 28 U.S.C. § 2255(f). Therefore, for the foregoing reasons, Petitioner's Motion to Vacate Sentence is denied.

A final judgment in accordance with this opinion will be entered.

THIS the 2nd day of September, 2009.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI